UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT RAFFO and
DANIAL CURRAN,
Individually and on Behalf of All
Other Persons Similarly Situated,

      Plaintiffs,

v.                                             Case No. 8:22-cv-1999-TPB-CPT

OS RESTAURANT SERVICES, LLC
and BLOOMIN' BRANDS, INC.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Before me on referral is Plaintiffs Roberto Raffo and Daniel Curran's unopposed motion to conditionally certify this collective action and to authorize a Court-facilitated notice on the putative members of the collective. (Doc. 29). For the reasons discussed below, I respectfully recommend that the Plaintiffs' motion be granted in part and denied in part.

I.

Raffo and Curran initiated this lawsuit pursuant to the Fair Labor Standards Act (FLSA or the Act), 29 U.S.C. §§ 201–219, on behalf of themselves and other similarly situated individuals, seeking to recover unpaid overtime wages they claim they earned while working for Defendants OS Restaurant Services, LLC and Bloomin'

Brands, Inc. (Doc. 1). In support of this relief, Raffo and Curran allege in their complaint, *inter alia*, that the Defendants own and operate Carrabba's Italian Grill (Carrabba's) restaurants throughout the United States and that the Defendants employed Raffo and Curran during the relevant time frame as a Kitchen Manager and Front of House Assistant Manager, respectively. *Id*. Specifically, Raffo avers that he served as a Kitchen Manager for the Defendants in Tennessee from approximately August 2019 to February 2022, while Curran asserts that he served as a Front of House Manager for the Defendants in Florida from roughly February 2017 to October 2019 and again from approximately August 2021 to June 2022. *Id.*; *see also* (Docs. 13-1,13-2).

    Raffo and Curran also allege in their complaint that despite their elevated titles, their duties "required little skill" and no "managerial responsibilities," mainly included "preparing food and drinks," "cleaning," providing "customer service," and "perform[ing] manual labor," and did not involve the "hiring, firing, disciplining, or directing the work of other employees." (Doc. 1). Raffo and Curran further aver that notwithstanding the predominantly non-managerial nature of their positions, the Defendants classified them and other assistant managers pursuant to a company-wide policy as exempt from the FLSA's overtime provisions. *Id.* As a result of this policy, Raffo and Curran assert that the Defendants did not pay them the overtime compensation to which they were entitled under the FLSA even though they "regularly worked in excess of [forty] hours per workweek" and even though their primary job responsibilities did not "materially differ from the duties of [the]

2

Defendants' non-exempt hourly paid employees." *Id.* Since the inception of this litigation, one additional plaintiff—Andrew Klender—has opted to join the action. (Doc. 20).[1]

By way of the instant motion, Raffo and Curran now ask that the Court conditionally certify a collective action as to their FLSA claim on behalf of all similarly situated exempt-classified employees who performed the duties of Kitchen Manager and Front of House Manager at any Carrabba's location in the United States during the three-year period preceding the date the Court grants their motion and extending to the present. (Doc. 29). Raffo and Curran also seek approval of a proposed notice to the potential members of the collective and the distribution of such notice. *Id.* The Defendants do not oppose the requested relief. (Docs. 19, 19-1, 29 at 1–2 n.1).

II.

The Eleventh Circuit has outlined a "two-tiered procedure" for certifying FLSA collective actions. *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003) (per curiam) (quoting *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (per curiam)). At the first step, known as the "notice stage," a district court must determine—usually based solely on the pleadings and any affidavits of record—whether notice of the action should be provided to possible class members. *Id.* (quoting *Hipp*, 252 F.3d at 1218) (internal quotation marks omitted). As

---

[1] Klender attests in a sworn declaration filed in the case that he worked for the Defendants as a Kitchen Manager in Florida from roughly 2015 to April 2021 and occasionally covered Front of House Manager shifts beginning in 2019. (Doc. 26-1).

3

this assessment is predicated upon "minimal evidence," a "fairly lenient standard" is applied. *Id.* (quoting *Hipp*, 252 F.3d at 1218) (internal quotation marks omitted). To satisfy this standard, the named "[p]laintiffs need show only that their positions [were] similar, not identical, to the positions held by the putative class members." *Hipp*, 252 F.3d at 1217 (internal quotation marks and citation omitted). The fact that there may have been some differences between the duties of the named plaintiffs and those of potential class members will not preclude a similarly situated finding at this early juncture. *See, e.g.*, *Thomas v. Waste Pro USA, Inc.*, 360 F. Supp. 3d 1313, 1326 (M.D. Fla. 2019) ("[F]actual issues showing variations are not dispositive at the [notice] stage for conditional certification.") (citation omitted); *Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330, 1335 (M.D. Fla. 2007) ("Variations in specific job duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at the notice stage.") (internal quotation marks omitted and alterations adopted).

If a district court conditionally certifies an FLSA action at the initial stage, putative class members are then afforded notice and the opportunity to opt-in. *Cameron-Grant*, 347 F.3d at 1243 n.2 (quoting *Hipp*, 252 F.3d at 1218). A court's approval of such notice is appropriate where there are individuals who wish to join the lawsuit and who are "similarly situated" to the named plaintiffs. *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991). To opt-in, a putative plaintiff must "fil[e] his written consent with the court." *Hipp*, 252 F.3d at 1216 (citing 29 U.S.C. § 216(b); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996)). Once an

individual becomes a part of the case, he is "considered [to be] a class member and [will] be bound by the outcome of the action." *Id*. Following the initial stage, the suit "'proceeds as a representative action throughout discovery.'" *Cameron-Grant*, 347 F.3d at 1243 n.2 (quoting *Hipp*, 252 F.3d at 1218).

The second step of the conditional certification process is ordinarily precipitated by a defendant's motion for decertification of the class filed after the discovery period is "largely complete[d]" and the court has received more information as to whether the claimants are "similarly situated." *Id.* (quoting *Hipp*, 252 F.3d at 1218). If the claimants do not meet this benchmark, "the court decertifies the class and dismisses the opt-in plaintiffs without prejudice." *Moxley v. OS Restaurant Servs., LLC*, 2022 WL 1487589, at *2 (M.D. Fla. May 11, 2022) (citing *Cameron-Grant*, 347 F.3d at 1243 n.2).

Applying the above principles here, I find that the Plaintiffs make an adequate showing that there are individuals who are similarly situated to them. *Hipp*, 252 F.3d at 1217–18. The declarations tendered by Raffo, Curran, and Klender during the course of this litigation evidence that there are assistant managers at different Carrabba's restaurants who perform the same kinds of duties as the Plaintiffs, including manual labor and tasks related to customer service, and that the Defendants have a company-wide policy designating these employees as exempt from the FLSA's overtime provisions. (Docs. 13-1, 13-2, 26-1). Raffo, Curran, and Klender's declarations further evidence that in carrying out their responsibilities as Kitchen Managers and Front of House Assistant Managers, they worked overtime hours that went uncompensated. *Id.* There is case authority in this District that such proof is

5

sufficient in misclassification cases like this one. *See*, *e.g.*, *Moxley*, 2022 WL 1487589, at *3 (citing *Espanol v. Avis Budget Car Rental, LLC*, 2011 WL 4947787 at *2 (M.D. Fla. Oct. 18, 2011)).

I also find that the Plaintiffs adequately demonstrate that there are similarly situated individuals who wish to join the collective action. *See Morgan*, 551 F.3d at 1260; *Dybach*, 942 F.2d at 1567. In addition to the sworn statements offered by Raffo, Curran, and Klender, a number of "courts have conditionally certified collective actions with as few as one or two individuals expressing a desire to opt-in." *Moxley*, 2022 WL 1487589, at *4 (citing *Pares v. Kendall Lakes Auto., LLC*, 2013 WL 3279803, at *5 (S.D. Fla. June 27, 2013) (collecting cases)). And here there is at least one potential member of the collective—Klender—who has already elected to join the action. *See Leo v. Sarasota Cnty. Sch. Bd.*, 2017 WL 477721, at *2 (M.D. Fla. Feb. 6, 2017) (observing that even one opt-in notice can be enough to establish that there are other similarly situated employees wishing to join the collective action) (citing *Brooks v. A. Rainaldi Plumbing, Inc.*, 2006 WL 3544737, at *2 (M.D. Fla. Dec. 8, 2006)); *Torres v. Nature Coast Home Care LLC*, 2016 WL 5870217, at *2 (M.D. Fla. Oct. 7, 2016) (same). Notably, the Defendants do not dispute the sufficiency of the Plaintiffs' showing on this issue. *See Moxley*, 2022 WL 1487589, at *4 (pointing out that the defendants failed to contest the existence of other persons desiring to opt-in to the collective action). In light of the above, I find that conditional certification and facilitation of notice are warranted as to the Plaintiffs' FLSA claim.

Turning to the matter of the notice itself, the Plaintiffs submit for the Court's consideration a proposed "Form of Notice and Consent," which they seek to send to all similarly situated exempt-classified employees who performed the duties of Kitchen Manager and Front of House Manager. (Docs. 29 at 22, 29-1, 29-2). The Defendants do not object to this notice. (Doc. 29). I find that the Plaintiffs' proposed notice is supported by the record for the most part.

Beginning with the notice's temporal scope, the Plaintiffs maintain that the requested class period of three years is warranted at this early stage of the litigation because it conforms to the statute of limitations for willful FLSA violations and because they have alleged such violations in their complaint. (Doc. 29 at 19–20); *see* 29 U.S.C. § 255(a). I agree. *Abdul-Rasheed v. Kablelink Comms., LLC*, 2013 WL 5954785, at *3 (M.D. Fla. Nov. 7, 2013) (deeming the plaintiff's suggested three-year time frame to be justified given the plaintiff's claim that the defendants willfully violated the Act) (citing *Ohsann v. L.V. Stabler Hosp.*, 2008 WL 2468559, at *3 (M.D. Ala. June 17, 2008); *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1318 n.9 (M.D. Ala. 2002)).[2]

I am not persuaded by the Plaintiffs' contention, however, that the three-year period should commence on the date of the Court's Order. As the court noted in

---

[2] Although I recommend that the Court adopt a three-year notice period, I also recommend that the Court refrain from rendering any determination as to whether any FLSA violations committed by the Defendants were willful or whether a three-year limitations period applies here. *See Abdul-Rasheed*, 2013 WL 5954785, at *4 (emphasizing that while it was "authorizing notice to class members [who] worked for [the d]efendants in Florida within the last three years," it was "not ruling that the alleged FLSA violations were willful and/or that a three-year limitations period" was proper).

*Moxley*, the weight of authority in this Circuit is that this period should begin on the date the notice is sent. *See Moxley,* 2022 WL 1487589, at *4 ("[C]ourts in this circuit have determined that . . . the notice should reflect a three-year period from the date that the notice is *sent*[.]") (collecting cases); *cf. Grayson*, 79 F.3d at 1106 (finding that, as to the Age Discrimination in Employment Act, "only a written consent to opt-in will toll the statute of limitations on an opt-in plaintiff's cause of action").

Finally, the Plaintiffs ask that 1) to facilitate the distribution of the notices, the Defendants be required to produce in electronic or computer-readable format employee information—such as the full name, physical address(es), and personal email address(es)—for each putative member of the collective action; and 2) the putative members be given sixty days to join this action. (Doc. 29 at 21–22). Because courts in this District routinely permit potential plaintiffs to have at least sixty days to opt-in to a lawsuit, *see, e.g.*, *Torres*, 2016 WL 5870217, at *4, and because the Defendants do not contest either of these requests, I find them to be appropriate here.

### III.

For the reasons set forth above, I respectfully recommend that the Plaintiffs' unopposed motion to conditionally certify this collective FLSA action (Doc. 29) be granted in part and denied in part as follows:

(1)   The Court (a) conditionally certify an FLSA collective consisting of all exempt-classified employees who performed the duties of Kitchen Manager and Front of House Manager at any Carrabba's location in the United States during the three-year period measured from the date the notices to the potential members are sent and

extending to the present; and (b) state that the Court is not making any determination as to whether any FLSA violations committed by the Defendants were willful or whether a three-year limitation period applies in this case.

(2) The Court require the Defendants to produce in electronic or computer-readable format the full name, physical address(es), and personal email address(es) for each potential member of the collective.

(3) The Court approve the notice and "Consent to Join" form that are attached as Exhibits A and B, respectively, to the Plaintiffs' motion, with the exception that the three-year period shall be measured from the date the notice is sent to the putative members of the collective.

(4) The Court direct that the notices be disseminated by U.S. Mail, email, and via website (returnable via mail, email, fax, or via website).

Respectfully submitted this 1st day of August 2023.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives

that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Thomas P. Barber, United States District Judge
Counsel of record